DORMEYER, Respondent, vs. HALL, imp., Appellant.

*January 13—February 8, 1927.*

*Automobiles: Law of the road: Drivers approaching junction of*
*highways: Right of way: Questions for jury: Evidence: That*
*defendant was a reckless driver: Competency: Where parents*
*are joined as defendants: Harmless error.*

1. An automobile driver who reached the junction of two high-
   ways ahead of another car approaching from her left along
   the intersecting highway had the right of way over the driver
   of the other car.  p. 199.
2. The evidence as to the rates of speed of the two cars and the
   circumstances of the collision is *held* to present jury questions
   both as to the negligence of the defendant and the contributory
   negligence of the plaintiff.  p. 199.
3. In an action for damages to plaintiff's automobile the parents
   of the defendant driver were joined as defendants on the
   theory that they owned the automobile and were negligent in
   permitting the defendant to drive it; and on this theory of the
   case evidence that the defendant customarily drove at an ex-
   cessive rate of speed is admissible.  Such evidence, whether
   admissible or not, is *held* harmless in view of the fact that
   there was little or no dispute as to how the accident actually
   happened.  p. 200.

APPEAL from a judgment of the circuit court for Vilas
county: A. H. REID, Circuit Judge.  *Affirmed.*

Action against the appellant and her father and her
mother.  At the close of the trial the court dismissed the
case as to the father and mother.  Action for damage to
plaintiff's automobile as the result of a collision between the
automobile driven by the plaintiff and the automobile of
W. B. Hall, driven by the appellant, *Dorothy Hall.*

The matter was submitted to the jury upon a special ver-
dict and they found: That the defendant *Dorothy Hall* failed
to use ordinary care; that such failure was a proximate cause
of the collision; that the plaintiff did not fail to use ordinary
care; and fixed the plaintiff's damages at $400.  Judgment
for plaintiff.  Defendant appeals.

The appellant claims that the plaintiff was guilty of negligence as a matter of law, and that prejudicial error was committed in admitting evidence offered by the plaintiff over the objection of the defendants.

For the appellant the cause was submitted on the brief of *A. J. O'Melia* of Rhinelander.

For the respondent there was a brief by *Smith & Bachhuber* of Wausau, and oral argument by *F. E. Bachhuber*.

CROWNHART, J.   This was an action for damages to the respondent's car, resulting from an automobile collision between the respondent's Chevrolet touring car and the seven-passenger Cadillac car driven by the appellant, *Dorothy Hall*. The collision occurred at the junction of the highway known as the Fence Lake road, running in a northerly and southerly direction, and the Station road, running in an easterly and westerly direction, to and from the village of Lac du Flambeau, Vilas county.  The Fence Lake road joins the Station road from the south, but does not cross it.  At the junction of the two highways the Fence Lake road widens until it is about forty feet wide, but its general width is about twenty-six feet.  The Station road is also about twenty-six feet wide.  On August 21, 1925, some time between 4 and 5 o'clock p. m., the respondent was driving north on the Fence Lake road, and as she approached within a short distance of the Station road she put her car into second speed and started across the Station road to turn to the left and drive toward the west.  The appellant, *Dorothy Hall,* was driving a Cadillac car, going east.  With her in the car was a young man by the name of Lyle Rossiter.  As the appellant approached the junction of the two roads she discovered the respondent's car crossing the Station road; but it had not yet reached the center and appellant swerved her car to the left. The respondent saw the appellant's car approaching, and, seeing that she did not have time to get across the road, swerved her car to her left, and the two cars collided, the

right front wheels and right fenders coming together, with the result that the Chevrolet car was turned clear around facing south, and the Cadillac car went into the ditch on its left-hand side, and, after proceeding some distance, stopped. Both cars were damaged.

The respondent testified that she looked both to the right and to the left as she approached the junction of the two highways, and that she put her car into second speed and blew two blasts of her horn, but she claims that owing to the brush and trees along the highway she could not see the appellant's car until she got on the Station road.

The appellant claims that she was driving at about twenty-six to twenty-eight miles an hour; that she blew her horn as she approached the side road, but did not see the respondent until the car was near the middle of the road. There was testimony tending to show that the appellant was driving at the rate of forty miles an hour. There was no claim that the respondent was going at an excessive rate of speed. It is clear that the respondent reached the junction of the highway first, and that she had the right of way over the appellant's car. It thus becomes plain that the evidence presented a jury question. The jury found in favor of the respondent, and to the effect that *Dorothy Hall* failed to use ordinary care, which failure was the proximate cause of the collision; that the respondent did not fail to use ordinary care; and assessed the damages to respondent's car at $400. The appellant contends that the evidence established contributory negligence on the part of the respondent as a matter of law. As we have seen, this contention cannot prevail. Appellant also contends that the court committed prejudicial error by receiving, over objection, evidence that the appellant customarily drove at an excessive rate of speed.

The complaint joined with the appellant the father and mother of the appellant, and alleged that the appellant was driving the car as the agent of the father and mother. On the trial it appeared that the father had purchased the car,

and that the license for the car had been taken out in the name of the mother.  It was also claimed in the complaint that the appellant was about sixteen years of age, an immature, incompetent, and irresponsible person to operate the car, and that the father and mother were negligent in permitting, ordering, and requesting the appellant to drive the car.  It was on this theory of the case that the court permitted the testimony as to the customary manner in which the appellant drove her car.  At the close of the testimony the court directed the complaint dismissed as to the father and mother of appellant.  If the appellant had then asked to have the objectionable evidence stricken, no doubt the court would have so ordered and directed the jury to have disregarded it. This she did not do, and it was probably thought that it was not very material.  Under the circumstances we think the evidence was admissible, but whether it was admissible or not we do not regard it as prejudicial, in view of the fact that there was little or no dispute as to how the accident actually happened.

We think the judgment should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.